FILED IN CLERK'S OFFICE
U.S.D.C  Atlanta

MAR 13 2008

JAMES N. HATTEN, CLERK
By: ~~~~~~~ Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBBIE S. JOHNSON, an individual, ROBBIE S. JOHNSON, as Trustee of the ROBBIE S. JOHNSON REVOCABLE TRUST, a Florida trust, and ROBBIE S. JOHNSON as Trustee of the LORRAINE WAGMAN REVOCABLE TRUST, a Florida trust, | ) ) ) ) ) ) ) | Civil Action File No. 1:08-cv-0945 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MITCHELL ALAN GROSS, a/k/a MITCHELL GRAHAM, a/k/a MICHAEL JOHNSON, a/k/a THE MERRILL COMPANY, a/k/a THE MERRILL COMPANY, LLC, a/k/a MAJESTIC MANAGEMENT, LLC, 5TH RING ENTERPRISES LIMITED PARTNERSHIP, an Alaskan Limited Liability Company, DEBRA L. GROSS, an individual, and DOUGLAS GROSS, an individual, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER APPOINTING RECEIVER AND**
**GRANTING INJUNCTIVE RELIEF**

Upon consideration of Plaintiffs' *Ex Parte* Motion for Appointment of a

Receiver and for Injunctive Relief, supporting Memorandum of Law, Verified

Complaint, and argument of counsel for Plaintiffs, this Court finds as follows:

1.    On March 13, 2008, Plaintiffs filed a Verified Complaint against

Defendants.  The defendants include Mitchell Alan Gross, his aliases, and alter ego

1

CERTIFICATION

I hereby certify that this is a true
and ___ a document which
___ ___ United States
District Court ___ ___ Northern District of
Georgia.

Date Filed: March 13, 2008

By: ~~~~~~~ Deputy Clerk

Clerk of Court
James N. Hatten

2 6 MAR 2008

identities:  Mitchell Graham, Michael Johnson, The Merrill Company, LLC, The Merrill Company, Majestic Management LLC, and 5th Ring Enterprises Limited Partnership (collectively, "Defendants").

2.      Against Defendants, Plaintiffs alleged various causes of action, including fraud in the inducement, fraudulent misrepresentation, rescission, equitable lien and constructive trusts, negligent misrepresentations, tortious civil conspiracy, unjust enrichment, breach of fiduciary duty, conversion, negligent entrustment, alter ego, violations of deceptive trade practices in the states of Florida and Georgia, fraudulent transfers, intentional infliction of emotional distress, and action to impose lien, equitable lien and constructive trust.

3.      According to the Verified Complaint, beginning in June 2006, Defendants engaged in a scheme of fraud that resulted in the conversion of Two Million Seven Hundred Forty Five Thousand Six Hundred Thirty Six and 25/100 ($2,745,636.25) Dollars from Plaintiffs.

4.      According to the verification of Ms. Johnson, the specific acts of fraud include, but are not limited to, the intentional publication of inflated and fictitious financial information relating to the performance of the foregoing fictitious business entities in order to fraudulently induce Plaintiffs to invest money with a fictitious investment broker.   Defendant Gross operated the fictitious entities out of an

2

executive center located at 3525 Piedmont Center, 7 Piedmont Center, Suite 300, Atlanta, Georgia 30305, and operated all of his business (real and fictitious) principally out of his home located at 2949 Gateland Square, Marietta, Cobb County, Georgia 30062.

5. On or about October 17, 2006, Defendant Gross created an entity known as 5th Ring Enterprises Limited Partnership ("5th Ring Enterprises"). 5th Ring Enterprises is the purported owner and holder of valuable contract and copyright rights, including the right to receive income, commissions and royalties for various literary works which Defendant Gross had developed or was in the process of developing, specifically, any and all income, commissions and royalties received from the sales of publications of Defendant Gross (under the pseudonym Mitchell Graham).

6. According to the Verified Complaint, on or around October 2006, without an exchange of reasonably equivalent value, Defendant Gross transferred the valuable contract rights, income, commissions and royalties to 5th Ring in an attempt to defraud his existing creditors, including Plaintiffs.

**The Court makes the following findings:**

1. Venue and jurisdiction are proper in this Court.

2. Plaintiffs are entitled to the appointment of a receiver. Plaintiffs have

made a sufficient showing, through the verification of Ms. Johnson, that as a result of the frauds perpetrated on the Plaintiffs, and the exigent circumstances of this case, the appointment of a receiver and the granting of injunctive relief is necessary to preserve and protect monies, funds, brokerage accounts, and assets of the Plaintiffs in the possession of Defendant Gross, the Banking Entities, and other third parties.

3.      The Plaintiffs have no other adequate remedy at law to prevent potential irreparable harm and injury to their rights as a result of the fraud perpetrated on them and, therefore, are entitled to the relief sought and as provided herein.

4.      A receiver is necessary to prevent Defendant Gross from further wasting, converting, diverting, misappropriating and concealing the net assets, monies, property, and assets rightfully belonging to Plaintiffs and held by the Defendant.  Appointment of a receiver is necessary to protect and preserve Plaintiffs' property and the status quo during the pending litigation.

5.      A receiver is necessary to protect and preserve the property of Defendant Gross and Defendant 5th Ring Enterprises and to collect any and all monies, assets, shares of stock from brokerage accounts and bank accounts, property, and financial records including all computers and hard drives in Gross's possession, including all other assets held by Defendant Gross.

6.      This Order is issued without notice to Defendants because, based on

Defendant Gross's prior conduct, there is a substantial likelihood that Defendant Gross will attempt to transfer or otherwise dissipate the funds he fraudulently obtained from Plaintiffs, thereby causing irreparable harm. If notice of the Motion for Appointment of a Receiver and Injunctive Relief were given to Defendant Gross, it would precipitate or accelerate the injury or damage to Plaintiffs. Plaintiffs will suffer immediate and irreparable injury, loss and damage if a receiver is not appointed immediately and *ex parte*.

7.    Injunctive relief is necessary to prevent Defendant Gross from interfering with the duties of the appointed receiver or otherwise attempting to transfer or shield assets rightfully belonging to Plaintiffs.

8.    Certain actions must be taken immediately by a receiver with respect to Defendants Gross and 5th Ring, including, but not limited to:

(a)    manage and preserve all monies, funds, and assets, in the name of Defendant, **Mitchell Alan Gross**, or in the names of his aliases **Mitchell Graham** and **Michael Johnson** in the names of fictitious entities **The Merrill Company, The Merrill Company LLC, Majestic Management, LLC**, or held by **5th Ring Enterprises Limited Partnership**, at Bank of America, N.A., Bank of America Corporation, and Wachovia Securities, LLC, or at any such place, bank, or brokerage institution where they are held.

(b)    to preserve and manage the transferred property, copyrights, contract rights, assets, moneys,

5

> receivables and to collect the revenues and income of Defendant, **Mitchell Alan Gross**, and Defendant, **5th Ring Enterprises Limited Partnership**, the copyrights, contract rights, and all of the income, royalties, commissions and profits collected from the book "Majestic Descending" and Defendant's other literary works.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.     **Appointment.** Kevin O'Halloran of New Bridge Management, LLC, ("The Receiver") is appointed receiver for **Mitchell Alan Gross, a/k/a "Mitchell Graham," a/k/a "Michael Johnson", a/k/a The Merrill Company, a/k/a The Merrill Company LLC, a/k/a Majestic Management, and 5th Ring Enterprises Limited Partnership ("Receivership Defendants").** The Receiver is directed is to take immediate possession of all property and assets of the Receivership Defendants, including, but not limited to, cash, stock shares, brokerage accounts, bank accounts, moneys, assets and all tangible and intangible property, and all financial records, including all computers, hard drives and floppy discs in possession of the Receivership Defendants and to take possession of all cash, stock shares, brokerage accounts, bank accounts, moneys, assets and all property of the Receivership Defendants in the possession of any third person and any and all real property, personal property and leasehold interests (collectively referred to as the "Assets") and to serve as the Receiver until further order of this Court.

The Receiver is authorized to take immediate possession of, hold, and secure all of the business premises and other facilities used by the Receivership Defendants (collectively, the "Facilities") and to preserve and take charge of all the business effects and assets of Defendants. The Receivership Defendants are hereby ordered immediately to surrender to the Receiver the possession, use, occupancy and control of the Facilities and all of the Assets, including, without limitation, the following property, whether or not such property constitutes the Assets (collectively, and including the Assets and all other property described herein, the "Receivership Assets"):

(a)   all accounts receivable of, and other amounts owing at any time to the **Receivership Defendants** (whether or not evidenced by a note, chattel paper or other document) (the "Accounts");

(b)   all items of equipment owned or used by the **Receivership Defendants** or located on or about the Facilities, including, without limitation, furniture and office equipment (collectively, the "Equipment");

(c)   all deposits accounts of the **Receivership Defendants** (collectively, the "Deposit Accounts"), including, without limitation, all checking accounts, savings accounts, payroll accounts, petty cash accounts, and security deposits accounts;

7

(d)     all   business   records   of   the   **Receivership   Defendants** (collectively, the "Records"), including, but not limited to, all books of accounts, financial statements, balance sheets, ledgers, expense statements, logs, journals, reports, license, permits, agreements, and all other documents relating to the past or future use, operation or maintenance of the Receivership Assets;

(e)     all rents, income, monies, revenues and profits now existing or hereafter generated from collection, sale or other disposition of any of the Assets, including, without limitation, Accounts and General Intangibles (as such terms is defined below), or operation of any of the Facilities (collectively, the "Proceeds");

(f)     all general intangibles in which the **Receivership Defendants** have an interest, including, without limitation, payments intangibles, chooses or other things in action, patents, trade names, trademarks, my royalties, copyrights, customer lists, software, computer programs, computer discs, computer tapes, tax refunds, tax refund claims, contract rights, and other intellectual property ("General Intangibles"), and;

(g)     all investment property of the **Receivership Defendants**, including, without limitation, all stocks, bonds, partnership interests, limited liability company interests and all other equity or debt securities.

2.     **Receivership Bond.**  Plaintiffs shall furnish a bond in the amount of

8

$250,000 to condition that the receivership has not been wrongfully set out to injure the **Receivership Defendants** in the form attached hereto as Exhibit "1."

3.   **Oath.** The Receiver shall file with this Court an Oath of Receiver in the form attached hereto as Exhibit "2."

4.   **Receiver's Bond.** The Receiver will obtain and file with the Clerk of the Court a surety bond, conditional upon the faithful performance of his duties, in the amount of $75,000.

5.   **Inventory.**   The Receiver shall prepare and file in the Court, on or before twenty (20) days from the date the Receiver takes possession, a true and complete inventory, under oath, of all the real and personal property, tangible and intangible property, assets and effects of every nature, and the property subject to the Receivership coming under the Receiver's control and possession. Supplemental reports shall be filed every three months.

6.   **Possession of Records and Property.**   The Receiver shall immediately take possession of the bank accounts, brokerage accounts, assets, files, papers, records, documents, moneys, securities, choses in action, books of account, and financial records, including any and all computers, hard drives and floppy discs in possession of the **Receivership Defendants** and any and all other property, real, personal or mixed, of the **Receivership Defendants** (hereinafter

9

collectively referred to as the "Property"). The Receiver shall retain custody of the Receivership and Property, and all of the records and documents of the **Receivership Defendants** until further Order of this Court.

All persons now or hereafter in possession of the Receivership property, or records, or any other part thereof, or any other items entrusted to the Receiver, shall forthwith surrender the possession to the Receiver. The Receiver shall take all steps necessary to secure each location from which the Receivership Defendants operate their business. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) serving this Order; (2) completing a written inventory of all Receivership Assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, Social Security number, job description, passwords or access codes, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping any or all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; and (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Receiver with proof of identification, or to

demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants. Law enforcement personnel, including, but not limited to police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this order.

7.     **Access to Records.** Plaintiffs and Defendants shall have access to the above records and documents upon reasonable notice and during business hours. The Receiver is hereby authorized to employ agents, servants and employees and to contract as necessary for the purpose of managing the Property. The Receiver shall collect all present and future monies, property and all other present and future assets of the **Receivership Defendants**

8.     **Specific Duties of Receiver.** The Receiver shall manage, preserve, protect and maintain the Property in a reasonable, prudent, diligent and efficient manner. Without limitation upon that general duty, the Receiver shall have the following specific duties:

(a)     <u>Insurance</u>.   The Receiver shall maintain, if appropriate, insurance for the Property. No insurer shall cancel any insurance previously in

11

place because a Receiver has been appointed for the property of Defendants.

(b) <u>Operating Account</u>. Effective immediately upon entry of this Order, the Receiver shall establish and maintain, at a bank, whose deposits are insured by the Federal Deposit Insurance Corporation, one or more separate operating accounts (the "Operating Accounts") into which the Receiver shall deposit all receipts from Property, and from which the Receiver shall disburse regularly and punctually, all amounts due and payable as reasonable, necessary and proper operating expenses of the Receivership and Property, subject to the terms of this Order.

(c) <u>Records</u>. Receiver shall maintain a comprehensive system of records, books and accounts concerning the operation of the Receivership and Property. Upon reasonable notice, and at all reasonable times, Plaintiffs and Defendants, and their respective agents, attorneys and other representatives shall have reasonable access to such records, accounts and books and to all vouchers, files and all other material pertaining to the operation of the Receivership, all of which the Receiver agrees to keep safe, available and separate from any records not having to do with the operation of the Project. The Receiver is authorized to vacate the business premises occupied by the Receivership Defendants and consolidate all records and other assets by moving assets and records currently

12

located outside of this district to secure facility maintained within this District.

(d)   <u>Mail</u>. The Receiver shall receive, open, read, and respond to all mail, facsimiles and electric communication addressed to the **Receivership Defendants** with the exception of confidential attorney-client correspondence known to be such by the receiver at or before the time of opening of such mail;

(e)   <u>Financial Records</u>. The receiver shall request and receive from the **Receivership Defendants** or any outside accountants and auditors (collectively, the "Auditors") all records and information relating to the **Receivership Defendants'** financial performance and condition in 2006 and 2007, for the purpose of, among other things, filing amended tax return for the **Receivership Defendants** and seeking any tax refund the **Receivership Defendants** may be entitled; and the Auditors are hereby authorized and directed to turn over all such records and information to the Receiver;

(f)   <u>Account Opening</u>. To use one or more of the Deposit Accounts or to open new bank accounts.

(g)   <u>Other powers</u>. In addition to the powers and instructions set forth herein above, the Receiver shall have all of the powers of a receiver that are authorized by law and all other powers necessary or proper to preserve, sell and otherwise realize upon the property. The Receiver may apply to the Court for

13

Instructions whenever he reasonably deems in necessary to do so;

(h)    Action.  The Receiver is authorized to institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the assets of the Receivership Defendants, or that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers.

(i)    Legal Requirements.  The Receiver shall ensure that all aspects of the Receivership and its operation and management, comply with all laws, regulations, orders or requirements affecting the Receivership issued by any federal, state, county or municipal authority having jurisdiction there over.

9.    **Monthly Reports.**  The Receiver is directed to prepare, on or before the Fifteenth day of each month, commencing sixty (60) days after the date of this order, so long as the Receivership property shall remain in the Receiver's possession or care, a full and complete report, under oath, setting forth all receipts and disbursements, cash flow, and reporting all changes in the assets in his charge, or claims against the assets, that have occurred during the period covered by the report.  The Receiver is directed to file all reports with the Clerk of the United

States District Court for the Northern District of Georgia under cover and marked "Confidential," and no report is to be opened for inspection by the Clerk without an order of the Court directing that it be opened. Any party desiring to have any report opened for inspection may petition this Court for same, be heard thereon, and permitted to inspect the report for good cause shown. The Receiver is directed to serve a copy of each report on each of the attorneys of record for the parties herein.

10.   **Fees.** The Receiver shall be entitled to payment of a reasonable fee for services from time to time in amounts to be approved by the Court. Any charges, expense or fees incurred by the Receiver in connection with official duties hereunder may be paid from the proceeds of the Receivership Property.

11.   **Injunction to Restrain Interference.** Except as otherwise requested or authorized by the Receiver, the **Receivership Defendants** and any of their agents, servants, employees, representatives, members, accountants, and attorneys, are hereby enjoined from collecting, or attempting to collect, the tangible and intangible personal property, the assets, the rents, receivables, income, revenues, profits and bank accounts of the Receivership Property and are enjoined from interfering in any manner with the management of the Receivership Property by the Receiver, as herein above described, until further order of this Court.

15

The **Receivership Defendants** and their owners, officers, directors, agents, and employees, and all other persons acting at their direction or in concert with the **Receivership Defendants,** and anyone who receives notice of this Order by service or otherwise, be, and each of them is hereby, retained and enjoyed form (i) transferring, selling, seizing , encumbering, or otherwise taking action against or disposing of any of the Receivership Assets (ii) interfering in any way with the Receiver's use, occupancy, maintenance, or operation of any of the Receivership Assets, (iii) withdrawing Proceeds derived from the operation of the Receivership Assets, (iv) paying or transferring Proceeds to any person except as otherwise authorized or required by this Order (v) removing, disposing of, destroying, concealing, changing or altering any of the Records, (vi) destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business, business practices, assets, or business or personal finances of any corporate or individual Defendant, (vii) terminating or otherwise affecting insurance coverage or utility service relating to any of the Receivership Assets or Facilities, (viii) failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect the **Receivership Defendants'** incomes, disbursements, transactions, and use of money.

The **Receivership Defendants** and their parties, officers, directors, agents, and employees, and all other persons acting at their direction or in concert with the **Receivership Defendants**, and anyone who receives notice of this Order by service or otherwise, are hereby ordered to immediately (i) turn over the Receiver possession of all of the Receivership Assets, the property and the Records, (ii) pay over to the Receiver all funds on hand in cash, and all funds and deposits in any Deposit Accounts or investments of the **Receivership Defendants**, except for funds required to pay checks for expenses of the **Receivership Defendants**, that have been written and delivered as of the date of entry of this Order but have not yet been presented for payments, and (iii) all keys to all buildings, safes, deposit boxes, or other safeguarded places on or about the Facilities and all other tangible items of Property, Receivership Assets or things relating to the Facilities.

The **Receivership Defendants** and any other person or entity with possession, custody, or control or property of or records relating to the **Receivership Defendants** shall upon notice of this order by personal service or otherwise immediately notify the Receiver of, and immediately upon receiving a request from the Receiver, transfer or deliver to the Receiver possession, custody, and control of, the following:

(a)    All assets of the **Receivership Defendants**;

17

(b)     All documents of the **Receivership Defendants**, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statement, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

(c)     All computers and data in whatever from used to conduct the business of the **Receivership Defendants**;

(d)     All assets belonging to other persons or entities whose interests are now under the direction, possession, custody, or control of, the **Receivership Defendants**; and

(e)     All keys, codes, and passwords necessary to gain or to secure access to any assets or documents of the **Receivership Defendants**, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

**IT IS FURTHER ORDERED** that the **Receivership Defendants** and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining, possession, custody, or control of the assets of the **Receivership Defendants**. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the

18

Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; advising all persons who owe money to the **Receivership Defendants** that all debts should be paid directly to the Receiver; transferring funds at the Receivers' direction; and producing records related to the assets and sales of the **Receivership Defendants**. The entities obligated to cooperate with the Receiver under this provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, precious metals dealers and other financial institutions and depositories of any kind, and all third-party billing agents, common carriers, and other telecommunications companies, that have transacted business with the **Receivership Defendants**.

In the event that any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the asset, document, or any other item covered by this section, and to

deliver it to the Receiver.

12.    **Counsel.**  The Receiver is hereby empowered to employ independent legal counsel, to furnish legal advice to the Receiver for purposes as may be necessary during the period of receivership.  Counsel shall be paid a reasonable fee as approved by the Court.

13.    **Accountant.**  The Receiver is hereby empowered to employ an independent certified public accountant, to furnish accounting advice to the Receiver for purposes as may be necessary during the period of receivership.  The Accountant shall be paid a reasonable fee as approved by the Court.  The Receiver, at his option, may serve as his own accountant.

14.    **Copies.**  The clerk of Court is authorized and directed to make certified copies of this Order, at the Receiver's request, for use by the Receiver.

15.    **Liability of Receiver.**  Except for an act of gross negligence or willful misconduct, the Receiver and all persons engaged by or employed by him shall not be liable for any loss or damage incurred by the **Receivership Defendants** or any other persons by reason of any act performed or omitted to performed by them in connection with the discharge of their duties and responsibilities in this matter.

16.    **Sealed Pleadings.**  This record is to be sealed for a period of three

20

days following entry of this Order.

17. **Expedited Discovery.** This Court finds that expedited discovery, including depositions, requests for production of documents, and interrogatories is warranted. Discovery pursuant to Federal Rule of Civil Procedure 26 is authorized to proceed three business days after entry of this Order. Plaintiffs are permitted to serve written discovery and notice Defendants' depositions immediately after service of process and this Order upon Defendants.

18. **Further Remedies.** Notwithstanding anything to the contrary contained in this Order, any party in interest with standing to do so may request, by written motion filed with the Court and with at least five says notice to the other parties, a status conference or any other appropriate relief as to the results of the Receiver's management and liquidation of the Receivership Assets, the necessity or appropriateness of continuing the receivership, or whether any of the terms and conditions of this Order should be amended or modified in any way.

19. **Effective Date.** This Order shall be effective at the time of its filing and the Receiver may commence to act thereafter. This Order shall expire on Thursday, March 27, 2008 at 5:00 p.m.

20. **Service.** Copies of this Order may be served by any means, including facsimile upon any financial institution or other entity or person that may have

possession, custody, or control of any documents or assets of any Corporate Defendant or Individual Defendant, or that may otherwise be subject to any provision of this Order.  Service upon any branch or office of any financial institution shall effect service upon the entire financial institution.

21.  **Continuing Jurisdiction.**  This Court shall retain jurisdiction of this matter for all purposes, including amending and enforcing any if the provisions of this order.

22.  **Hearing on Plaintiffs' Request for Preliminary Injuction.** Plaintiffs' application for a preliminary injunction is hereby set for a hearing at 3:00 p.m. on Wednesday, March 26, 2008 in Courtroom 1708.

**DONE AND ORDERED** this in the Northern District of Georgia, Atlanta Division, on this 13th day of March, 2008 at 12:05 p.m.

_____

United States District Court Judge

Submitted by:

*Lindsey G Churchill*

Stephen Rakusin, Esq.
Florida Bar No. 183408
rakusins@aol.com
The Rakusin Law Firm,
A Professional Association
2929 E. Commercial Boulevard
Ft. Lauderdale, Florida 33308
(954) 356-0496
(954) 356-0416 (facsimile)
*Pro hac vice admission pending*

HOLLAND & KNIGHT LLP
Alfred B. Adams, III
Georgia Bar No. 002300
al.adams@hklaw.com

Lindsey G. Churchill
Georgia Bar No. 125610
lindsey.churchill@hklaw.com
1201 West Peachtree Street
Suite 2000
Atlanta, Georgia  30309
(404) 817-8500
(404) 881-0470 (facsimile)

Attorneys for Plaintiffs


Copies furnished to:
Alfred Adams, Esq.
Stephen Rakusin, Esq.

# 5186936_v3

23

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.
NOTE: This docket entry (or case) is sealed, no email notices have been sent.

U.S. District Court

Northern District of Georgia
Notice of Electronic Filing

The following transaction was entered on 3/13/2008 at 4:37 PM EDT and filed on 3/13/2008
Case Name:    Johnson et al v. Gross et al
Case Number: 1:08-cv-945
Filer:
Document Number:    3

Docket Text:
ORDER granting [2] Motion to Appoint Receiver. Kevin O'Halloran appointed; granting [2] Motion for Injunctive Relief. Signed by Judge Timothy C. Batten, Sr on 3/13/08. (hfm)

1:08-cv-945 No electronic notice will be sent because the case/entry is sealed.

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1060868753 [Date=3/13/2008] [FileNumber=2315301-0
] [371694b4630c126109d9e22e70aae3c6155e34bdcd61e88b632b670f521c59d69d8
72fab674eba1b5a0653bef3335c983d771a4567e744ee9cd5402a4c638f2a]]